# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNELL MOON, )<br>)<br>Plaintiff, )<br>)<br>) | No. 4: 23 CV 1530 RWS |
| )<br>KIMBERLY BRAMLETT, )<br>)<br>Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's unopposed motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1).[1] ECF 4. The motion is granted for the following reasons.

On November 17, 2023, plaintiff filed a petition for order of protection against Chief Probation Officer Kim Bramlett in the Twenty-Second Judicial Circuit, St. Louis City, State of Missouri, Case No. 2322-PN02660. ECF 3. Moon is currently serving a term of supervised release in the Eastern District of Missouri under the supervision of Bramlett and U.S. Probation Officer Daniel Macke, his probation officer. *See United States v. Darnell Moon*, Case 1:17-CR-00005-AGF, Eastern District of Missouri.

---

[1] Although plaintiff sought and obtained an extension of time to oppose dismissal and seek remand, ECF 8, 9, plaintiff did neither, and his time for doing so has now expired.

In the state court petition, plaintiff alleges that Bramlett and Macke are harassing him by coming to his home and taking his property. ECF 3 at 2. Plaintiff alleges that Macke came to his home on August 30, 2023 and imprisoned him inside Macke's vehicle while others ransacked his home, stole his property, and refused to give it back. ECF 3 at 3. Plaintiff further alleges that Macke keeps texting and calling Moon and that Bramlett approved such actions. ECF 3 at 3. These allegations are all based on Bramlett's official duties as Chief Probation Officer and do not concern conduct taken by Bramlett outside of her official duties.

Plaintiff seeks an Order prohibiting Bramlett, Macke, and anyone else they work with from communicating with him, as well as compelling the return of his property. ECF 3 at 4. Plaintiff also requests that Bramlett be ordered to participate in a court-approved counseling program designed for batterers and that the full order of protection be issued for one year and automatically renewed unless Bramlett requests a hearing by 30 days prior to the expiration of the order. ECF 3 at 5.

On November 30, 2023, Bramlett removed this case to this Court pursuant to 28 U.S.C. § 1442(a).[2] ECF 1. Bramlett seeks dismissal of this case for lack of subject matter jurisdiction under the doctrine of sovereign immunity.

---

[2] Plaintiff has not challenged the propriety of removal, but the Court concludes that the four elements required for removal under § 1442(a)(1) are satisfied. *See Doe v. BJC Health Sys.*, 89 F.4th 1037, 1041 (8th Cir. 2023) (federal officer removal statute requires removing party to make

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "To properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (cleaned up). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (cleaned up). The party seeking to establish federal jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency,* 615 F.3d 985, 988 (8th Cir. 2010).

Bramlett asserts that plaintiff's claims are barred by the doctrine of sovereign immunity as the claim against her is, in actuality, a claim against her employer, the United States Probation Office. There is no federal statute that provides federal offenders with an express or implied right to file a civil action against their probation officer or the U.S. Probation Office to modify the terms of or extinguish their supervised release. Similarly, there is no federal equivalent of

---

threshold showing that: (1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a person, within the meaning of the statute) (cleaned up).

Mo. Rev. Stat. § 455.020 which allows individuals to petition in federal court for an order of protection against government officials.

Multiple judges in this district have ruled that Congress has not waived sovereign immunity for federal employees to seek orders of protection against their supervisors related to workplace conduct.  *See e.g., Duckworth v. Owens*, Case No. 4:20-CV-57-JCH, 2020 WL 3064206, at *2 (E.D. Mo. June 8, 2020)*; Cubb v. Belton,* Case No. 4:15-CV-00676-JMB, 2015 WL 4079077*,* at *5 (E.D. Mo. July 6, 2015); *Haynie v. Bredenkamp*, No. 4:16CV773 CEJ, 2016 WL 3653957, at *2 (E.D. Mo. Jul. 8, 2016); *Young v. Frame*, No. 4:19CV16 RLW, 2019 WL 2437444, at * 3 (E.D. Mo. Jun. 11, 2019); *Strong v. Owens*, No. 4:19CV2900 SRC, ECF No. 14 (Mar. 31, 2020).   The same reasoning applies here to bar plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [8] is granted, and plaintiff's complaint is dismissed.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2024.